Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
ROBERT M. SCOTTO, individually and on behalf of all others
similarly situated,

|  |  |
|---|---|
| Plaintiff, | **COMPLAINT** |
| -against- | JURY TRIAL DEMANDED |

VICVIC CORPORATION d/b/a SEVENTH STREET CAFE, and
VICTOR SCOTTO, as an individual,

Defendants.
-----------------------------------------------------------------------X

1. Plaintiff, **ROBERT M. SCOTTO**, (hereinafter referred to as "Plaintiff"), by his
   attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as
   to himself and upon information and belief as to other matters, as follows:

## **PRELIMINARY STATEMENT**

2. Plaintiff, **ROBERT M. SCOTTO,** through undersigned counsel, brings this action
   against **VICVIC CORPORATION d/b/a SEVENTH STREET CAFE, and
   VICTOR SCOTTO, as an individual**, (hereinafter referred to as "Defendants"), to
   recover damages for egregious violations of state and federal wage and hour laws
   arising out of Plaintiff's employment at VICVIC CORPORATION d/b/a SEVENTH
   STREET CAFE, located at 126 Seventh Street, Garden City, New York 11530.

3. As a result of the violations of Federal and New York State labor laws delineated
   below, Plaintiff seeks compensatory damages and liquidated damages in an amount
   exceeding $100,000.00.  Plaintiff also seeks interest, attorneys' fees, costs, and all
   other legal and equitable remedies this Court deems appropriate.

1

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

**THE PARTIES**

8. Plaintiff ROBERT M. SCOTTO residing at 18 Gaffney Street, Glen Cove, New York 11542, was employed by Defendants at VICVIC CORPORATION d/b/a SEVENTH STREET CAFE from in or around November 2011 until in or around December 2017.

9. Upon information and belief, Defendant, VICVIC CORPORATION d/b/a SEVENTH STREET CAFE, is a corporation organized under the laws of New York with a principal executive office at 126 Seventh Street, Garden City, New York 11530.

10. Upon information and belief, Defendant, VICVIC CORPORATION d/b/a SEVENTH STREET CAFE, is a corporation authorized to do business under the laws of New York.

11. Upon information and belief, Defendant VICTOR SCOTTO owns and operates VICVIC CORPORATION d/b/a SEVENTH STREET CAFE.

12. Upon information and belief, Defendant VICTOR SCOTTO is the Chief Executive Officer of VICVIC CORPORATION d/b/a SEVENTH STREET CAFE.

13. Upon information and belief, Defendant VICTOR SCOTTO is an agent of VICVIC CORPORATION d/b/a SEVENTH STREET CAFE.

14. Upon information and belief, Defendant VICTOR SCOTTO has power over personnel decisions at VICVIC CORPORATION d/b/a SEVENTH STREET CAFE.

15. Upon information and belief, Defendant VICTOR SCOTTO has power over payroll decisions at VICVIC CORPORATION d/b/a SEVENTH STREET CAFE.

16. Defendant VICTOR SCOTTO has the power to hire and fire employees at VICVIC CORPORATION d/b/a SEVENTH STREET CAFE, establish and pay their wages, set their work schedule, and maintains their employment records.

17. VICTOR SCOTTO hired Plaintiff for the position and promised Plaintiff that he would receive certain compensation for performing such duties.

18. VICTOR SCOTTO was responsible for setting Plaintiff's rate of pay and was responsible for paying Plaintiff during the weeks that Plaintiff actually received compensation for his services.

19. VICTOR SCOTTO informed Plaintiff what his job duties would be and the hours that he was expected to work each week.

20. During all relevant times herein, Defendant VICTOR SCOTTO was Plaintiff's employer within the meaning of the FLSA and NYLL.

21. On information and belief, VICVIC CORPORATION d/b/a SEVENTH STREET CAFE is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

**FACTUAL ALLEGATIONS**

22. Plaintiff ROBERT M. SCOTTO was employed by Defendants at VICVIC CORPORATION d/b/a SEVENTH STREET CAFE from in or around November 2011 until in or around December 2017.

23. During Plaintiff ROBERT M. SCOTTO'S employment by Defendants at VICVIC CORPORATION d/b/a SEVENTH STREET CAFE, Plaintiff's primary duties were as manager, while performing other miscellaneous duties as needed from in or around November 2011 until in or around December 2017.

24. Plaintiff ROBERT M. SCOTTO was in charge of the day to day operations of VICVIC CORPORATION d/b/a SEVENTH STREET CAFÉ for the duration of his employment from in or around November 2011 until in or around December 2017.

25. Plaintiff ROBERT M. SCOTTO worked approximately fifty to sixty (50 to 60) or more hours per week at VICVIC CORPORATION d/b/a SEVENTH STREET CAFE from in or around August 2014 until in or around December 2017.

26. Plaintiff ROBERT M. SCOTTO was informed by Defendants that he would be paid approximately $1,623.00 per week when he began working for Defendants in or around August 2014.

27. Defendants illegally withheld pay from Plaintiff ROBERT M. SCOTTO during his employment by Defendants by not compensating Plaintiff at all for certain weeks of his employment.

28. Plaintiff ROBERT M. SCOTTO was not compensated at all for approximately 52 weeks of employment from in or around August 2014 until in or around August 2015.

29. Additionally, Plaintiff ROBERT M. SCOTTO was not compensated at all for any of his hours worked for any weeks from in or around August 2014 until in or around May 2017.

30. Defendants then paid Plaintiff ROBERT M. SCOTTO a reduced rate of $487.00 per week from in or around June 2017 until in or around December 2017.

31. Although Plaintiff ROBERT M. SCOTTO worked approximately fifty to sixty (50 to 60) or more hours per week during his employment by Defendants from in or around August 2014 until in or around December 2017, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

32. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

33. Upon information and belief, Defendants willfully failed to keep accurate payroll records as required by both NYLL and the FLSA.

34. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding

$100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

35. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

36. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

37. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

38. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

39. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

40. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

41. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

42. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

43. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

44. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

45. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION
#### Unpaid Wages Under The Fair Labor Standards Act

46. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

47. Defendants willfully failed to pay Plaintiff's wages for hours worked in violation of 29 U.S.C. §206(a).

48. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiff.

49. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

### FOURTH CAUSE OF ACTION
#### Unpaid Wages Under The New York Labor Law

50. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

51. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

52. Defendants failed to pay Plaintiff's wages for hours worked in violation of New York Labor Law Article 6.

53. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an amount equal to his unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with NY Labor Law §198 (1-a).

## FIFTH CAUSE OF ACTION
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

54. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

55. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

56. Defendants are liable to Plaintiff in the amount of $5,000.00 each, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
**Violation of the Wage Statement Requirements of the New York Labor Law**

57. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

58. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)

59. Defendants are liable to Plaintiff in the amount of $5,000.00 each, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiff unpaid overtime wages;

c. Awarding Plaintiff unpaid wages;

d. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

e. Awarding Plaintiff prejudgment and post-judgment interest;

f. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

g. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This ___6th___ day of August 2020.

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROBERT M. SCOTTO, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

VICVIC CORPORATION d/b/a SEVENTH STREET CAFE, and VICTOR SCOTTO, as an individual,

Defendants.

SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiff
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**
**VICVIC CORPORATION d/b/a SEVENTH STREET CAFE**
**126 SEVENTH STREET**
**GARDEN CITY, NEW YORK 11530**

**VICTOR SCOTTO**
**126 SEVENTH STREET**
**GARDEN CITY, NEW YORK 11530**